UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Parkland Properties, LLC, *et al.* [2] | ) | Case No.: 13-22702 |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Judge Donald R. Cassling |

**ORDER CONFIRMING DEBTORS' PLAN OF REORGANIZATION**
**(Parkland VI, LLC)**

THIS CAUSE coming to be heard on the confirmation hearing of the Debtor's Sixth Modified Plan of Reorganization ("Plan"), copies of which were transmitted to all creditors and parties in interest, the ballots of all creditors and parties in interest entitled to vote thereon have been tallied and a Report of Balloting having been filed; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue is proper in this District pursuant to 28 U.S.C. § 1408 and 1409; and it appearing that proper and adequate notice has been given under the circumstances and that no further notice is necessary; that any and all objections to the Disclosure Statement and Plan being withdrawn pursuant to stipulation, and after due deliberation and sufficient cause appearing therefor:

**THE COURT FINDS:** the Sixth Amended Disclosure Statement contains adequate information, the Plan of Reorganization satisfies the requirements of 11 U.S.C. § 1129(a), the Court having heard the Debtor's offer of proof and finds that all provisions of 11 U.S.C.

---

[2] The "Debtors" include: Parkland Properties, LLC (Case No. 13-22702); Parkland II LLC ("Case No. 13-25121); Parkland III, LLC (Case No. 13-25125); Parkland IV, LLC (Case No. 13-26018); and Parkland VI, LLC (Case No. 13-26811).

§ 1129(b) are met, the Plan being proposed in good faith, and the Plan is feasible in the sense that confirmation is not likely to be followed by a need for liquidation.

**IT IS THEREFORE ORDERED:**

1) The Debtor's Sixth Amended Plan of Reorganization is hereby confirmed with the following modifications:

Section 3.06 of the Parkland VI Plan shall hereinafter read:

**CLASS VI CLAIM:** Bridgeview Bank Group's ("Bridgeview") claim, identified on Debtor's claims register as claim number 5-2, shall be an Allowed Secured Claim in the amount of $2,075,517.22 (the "Bridgeview Allowed Claim"), which claim is secured by the real property commonly known as 1514 South Albany, Chicago, Illinois (the "Bridgeview Collateral"). On the Effective Date, Debtor shall surrender the Bridgeview Collateral to Bridgeview as the indubitable equivalent, and in full satisfaction of the Class VI Claim. The Class VI is impaired.

Section 3.08 of the Parkland VI Plan shall hereinafter read:

**CLASS VIII CLAIM:** The Bridgeview Allowed Claim is also secured by a judgment lien on the property commonly known as 3217 West Potomac, Chicago, Illinois (the "Potomac Property"). On the Effective Date, Debtor shall dismiss (or cause to be dismissed) with prejudice Adversary Proceeding No. 15-00238, captioned as *Parkland Properties, LLC v. Bridgeview Bank et al.* (the "Adversary Proceeding").

On September 15, 2015, the Court entered the Stipulation for Relief from the Automatic Stay and Order Thereon (the "Lift Stay Order") [Docket No. 529], pursuant to which, among other things, the automatic stay was lifted pursuant to Section 362(d) of the Bankruptcy Code so that Bridgeview may exercise its rights and remedies under applicable law, including without limitation, foreclose its liens on, to, and against the Potomac Property (the "Foreclosure Sale"). In the event Bridgeview is the successful bidder in the Foreclosure Sale, Bridgeview shall finance Debtor's purchase of the Potomac Property from Bridgeview on terms and conditions acceptable to Bridgeview in its sole discretion (which will not include disbursement of funds to Debtor/borrower by Bridgeview) pursuant to the following terms:

The principal amount of the loan on the Potomac Property shall be $225,000 (the "Potomac Property Loan"). Debtors shall pay Bridgeview $1,461.72 each month for fifty-nine (59) months with a balloon payment of $204,087.73 due on the 60th month after the Effective Date. This equates to a five (5) year mortgage amortized over 25 years with an interest rate of 6.0%. The Potomac Property Loan shall be documented using Bridgeview's standard loan documentation, as may be modified by Bridgeview in its sole discretion.

2)  A post-confirmation status on the confirmed Plan is set for  Dec. 22 , 2015 at 10:00 a.m.

3)  Debtor's First Report of Distributions shall be filed on or before December 15, 2015.

Dated:

10-13-15

BY THE COURT

_____
The Honorable Donald Cassling
U.S. Bankruptcy Judge

This document was prepared by
Michael V. Ohlman #6294512
Michael V. Ohlman, P.C.
112 ½ Lincoln Ave 2H
Riverside, IL 60546